UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EASTERN SAVINGS BANK, FSB,<br>　　Plaintiff,<br><br>　　v.<br><br>STEPHEN V. ST. GERMAIN, DARLENE L. ST. GERMAIN, WINDHAM HOSPITAL, and CONNECTICUT HOUSING FINANCE AUTHORITY,<br>　　Defendants. | No. 13-cv-01816 (VAB) |

**ORDER**

　　Plaintiff, Eastern Savings Bank, FSB, brought this foreclosure action against Defendants, Stephen and Darlene St. Germain, Windham Hospital, and the Connecticut Housing Finance Authority.  The Clerk of the Court granted Plaintiff's Motion for Default Entry [Doc. No. 11] on April 16, 2014 [Doc. No. 12].  Plaintiff filed a Motion for Summary Judgment [Doc. No. 26] on February 10, 2016.  Defendants Stephen and Darlene St. Germain (the "St. Germain Defendants") did not oppose the Motion for Summary Judgment, and instead responded by filing a Motion for Foreclosure by Sale [Doc. No. 27].  Plaintiff then filed a Motion for Judgment of Foreclosure by Sale [Doc. No. 28] on March 23, 2016.

　　For the reasons that follow, the Court GRANTS Plaintiff's unopposed Motion for Summary Judgment as to the issue of liability, and GRANTS both Motions for Judgment of Foreclosure by Sale.

　　Based upon the record before it, the Court finds that Plaintiff is the owner of the note and mortgage, that the St. Germain Defendants defaulted on the note, and that any conditions precedent to foreclosure, as established by the note and mortgage deed, have been satisfied.  *See*

1

Pl. Local Rule 56(a)(1) Statement of Material Facts, Doc. No. 26-2.  The Court further finds that the judgment debt due and owing Plaintiff as of February 2, 2016 is $131,365.23, *see* Doc. No. 26-3, at 4, and that the appraisal fees are $650.00, the title search fee is $225.00, the attorney's fees are $3,342.50, the filing fee is $400.00, and the marshal's fee is $352.13, for a total of $136,334.86, *see* Conn. Gen. Stat. § 52-249[1].  Finally, the Court finds that the fair market value of the property known as 422 Jerusalem Road, Windham, Connecticut is $199,900.00, as per the appraisal filed by Plaintiff, *see* Doc. No. 26-4, at 5, which value is greater than the debt owed by the St. Germain Defendants to Plaintiff.

     The Clerk of the Court entered default as to Defendants Windham Hospital and Connecticut Housing Finance Authority on April 16, 2015.  *See* Doc. No. 12.  Plaintiff now seeks a finding that Plaintiff's mortgage constitutes a first priority lien on the subject property that is superior in right to all rights of the defaulting Defendants and an order that the defaulting Defendants be "forever barred and foreclosed of all right title, interest and equity of redemption in the subject property."  Doc. No. 28-1, at 2.  The Court declines to do so at this time.  First, the Court has set aside entry of default due to Plaintiff's failure to provide adequate proof of service of its motion for default entry.  *See* Doc. No. 29.  In addition, "[g]enerally, in a foreclosure by sale, issues regarding priorities are litigated after the sale has occurred."  *Moran v. Morneau*, 140 Conn. App. 219, 224 (2013); *see also* D. Caron & G. Milne, *Connecticut Foreclosures* § 9-2:2.1 (5th ed. 2011) ("a determination of priorities between subsequent encumbrancers is properly deferred until after the sale, thus allowing the auction to proceed without delay pending resolution of the dispute between those parties at a later date").

---

[1] "The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact."  Conn. Gen. Stat. § 52-249(a).

The Court hereby orders that said property shall be sold at an auction to be conducted on the premises on Saturday, June 4, 2016, at 12:00 p.m., appoints Robert Bruce Young, Esq., whose mailing address is PO Box 354, Dayville, Connecticut 06241, as committee for the foreclosure, and enters the following orders:

1. Nana Smith, of Cadre Group, is appointed as the disinterested appraiser to appraise the property and file under oath a return of appraiser with this Court no later than May 20, 2016.  The committee will communicate with the appraiser to confirm the appraisal is timely performed and filed in court.

2. After filing an Appearance with the Court, the committee shall not incur costs or fees until April 30, 2016

3. After April 30, 2016, the committee shall get a title search of the property.  The fee shall not exceed $225, and the committee may not personally perform the title search.

4. The committee shall place an advertisement to run in the *Norwich Bulletin* on Sunday, June May 28, 2016, and an ad to run in the *Chronicle* (Willamantic) the week prior to the auction.

5. The committee shall place a sign advertising the auction on the property no later than May 4, 2016.

6. The committee is authorized to procure liability insurance for the date of the Public Auction in the amount of $1,000,000.  The premium must not exceed $250.00.

7. The committee shall obtain a deposit of $19,900.00 from the successful bidder by bank or certified check payable to the clerk of the court, which deposit shall be waived for the plaintiff.  The plaintiff shall be entitled to fax its bid to the committee no later than 3:00pm on

June 3, 2016.  Except for the plaintiff, the committee must collect all deposit instruments from potential bidders at the time the bidders register to bid on June 4, 2016.

      8.      The committee shall allow the property to be inspected on the date of the auction from 10:00a.m. to 12:00 p.m.

      9.      In connection with the auction and sale, the committee may refer to the State of Connecticut Uniform Procedures for Foreclosure By Sale Matters for guidance and accompanying forms without further order of this Court. The property will be sold in "as is" condition and the sale shall not be subject to any financing.

      10.      The high bidder/purchaser must close no sooner than 30 days but no later than 40 days from the date of notice of the Court's approval of the committee sale.  The deposit may be forfeited if the high bidder (as purchaser) does not close within 40 days of the notice of approval of committee sale.  At the closing, the successful bidder (as purchaser) shall provide the committee with a certified or bank check payable to the clerk of the court for the balance of the purchase price.  The successful bidder must record the committee deed within 30 days thereafter. The successful bidder shall be entitled to an order of possession.

      11.      The sale shall be subject to the approval and the ratification of this Court and a motion for the approval of the sale shall be filed with this Court within fourteen days following the auction by the committee.  Upon approval and ratification of the sale, the proceeds shall be applied first to the fees and costs incurred by the committee, and second to satisfy the plaintiff's debt, plus interest, fees and costs. Any remaining proceeds shall be held pending further order of the Court.

      12.      The plaintiff shall be responsible for the payment of the committee's fees and costs.  The committee shall charge a fee of no more than $250 an hour.

Accordingly, the Clerk shall enter Judgment of Foreclosure by Sale in favor of Plaintiff in the amount of $136,334.86.  This Court shall retain jurisdiction over this action for purposes of making any and all further orders and decrees as may be just and equitable, including, without limitation, orders of distribution and possession.

SO ORDERED at Bridgeport, Connecticut, this 25th day of April, 2016.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge